## IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Attorney Lee Arthur SPARKS.

Supreme Court

*No. 91-3015-D. Filed April 22, 1992.*

(Also reported in 482 N.W.2d 653.)

## *ORDER*

The referee in this proceeding, Attorney Charles Herro, recommended that the license of Attorney Lee A. Sparks to practice law in Wisconsin be revoked as discipline reciprocal to that imposed on him by the Supreme Court of Illinois which struck his name from the roll of attorneys licensed to practice law in that state on May 30, 1990 for professional misconduct. That misconduct consisted of his conversion of more than $240,000 of client funds from proceeds of sales of real property in six matters. That misconduct led to Attorney Sparks' criminal conviction in circuit court in Illinois on November 26, 1990.

Attorney Sparks was admitted to practice law in Wisconsin in 1983 but practiced in Illinois since his admission there in November, 1967. He is currently suspended from practice in Wisconsin for failure to comply with continuing legal education requirements.

Pursuant to SCR 22.25(5), the referee found that the Illinois disciplinary procedure did not deprive Attorney Sparks of due process, there was no infirmity of proof establishing his misconduct and the misconduct does not justify substantially different discipline to be imposed in Wisconsin.

IT IS ORDERED that the license of Lee Arthur Sparks to practice law in Wisconsin is revoked, effective the date of this order, as discipline reciprocal to that imposed by the Supreme Court of Illinois for professional misconduct.

IT IS FURTHER ORDERED that Lee Arthur Sparks comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

Marilyn L. Graves
Clerk of Supreme Court